CHARLES ELMER & SONS v. KELLY et al.

THE BRADWELL.

(Circuit Court of Appeals, Fifth Circuit. March 17, 1920. Rehearing Denied April 29, 1920.)

No. 3385.

1. CONTRACTS ⟜350(2)—EVIDENCE HELD TO SHOW CONTRACT TO REPAIR ENGINE FOR REASONABLE VALUE OF WORK.

In a suit in admiralty to recover an amount due for repairs to an engine, evidence *held* to show that the agreement was the same the law would imply if no price had been fixed, to do the work for the reasonable value, or the actual cost of labor and material with a reasonable profit added.

2. CONTRACTS ⟜229(2)—UNDER CONTRACT TO REPAIR FOR COST PLUS REASONABLE PROFIT, ALLOWANCE FOR OVERHEAD CHARGES PROPERLY DENIED.

In a suit on a contract for the repair of an engine for the reasonable value of the work and material plus a reasonable profit, where the court held the libelants entitled to a profit of 15 per cent., it properly directed the master to disregard the investment in machinery and plant and overhead charges; the 15 per cent. profit covering these items.

3. APPEAL AND ERROR ⟜931(10)—FINDING OF MASTER, APPROVED BY COURT, PRESUMED CORRECT.

Finding of the master, approved by the District Judge, as to the amount due under a contract, is presumed correct.

4. CONTRACTS ⟜234—PROPER OFFSETS IN ACTION ON CONTRACT TO REPAIR FOR COST PLUS REASONABLE PROFIT STATED.

In a suit for the amount due under a contract to repair the engine of a tug, but not to install it, for the cost of the work and materials plus a

reasonable profit, anything expended to correct defects in the work was a proper offset, but not amounts expended to correct the faulty installation of the engine by other parties, or the amount expended for appliances which the libelants did not furnish or charge for.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Libel by Charles Elmer & Sons, against William J. Kelly, claimant of the tug Bradwell, and others. From a decree for an insufficient amount, the libelants appeal. Reversed and remanded.

John D. & M. A. Grace, of New Orleans, La., for appellants.

John Dymond, Jr., and A. Giffen Levy, both of New Orleans, La., for appellees.

Before WALKER, Circuit Judge, and GRUBB and CALL, District Judges.

GRUBB, District Judge. This was an appeal from a decree of the District Court for the Eastern District of Louisiana, in admiralty, in favor of the libelants, but only for a part of the sum claimed in the libel. The libel was filed to recover an amount claimed to be due for repairs done to an engine, which, after having been overhauled by libelants, was installed in the tug Bradwell, which was the property of the respondent. The amount claimed by libelants was $1,309.72, and the amount allowed by the District Court was $386.69. The District Court reduced the original bill of libelants to $985.53, and allowed respondent a deduction on account of a counterclaim of $598.84, leaving the balance found to be due by the decree. The appellants (libelants) complain (1) of the reduction of their original bill from $1,309.72 to $985.53; and (2) of the allowance in part, and to the extent of $598.84, of the counterclaim of respondent as a deduction.

[1-3] 1. The repairs were made under a verbal contract, as to the terms of which there was conflict. The witnesses to its terms were Charles C. Elmer, one of appellants, the appellee William J. Kelly, and his bookkeeper, Louis A. Brangier. Appellee's contention and his testimony was that the work was to be done without profit, and the materials to be furnished at wholesale prices. The testimony of Charles C. Elmer was in substance that the appellee gave appellants the job on their promise to turn out a first-class job of work and to treat him right. Brangier's testimony was that Elmer, for appellants, agreed to repair the engine as reasonably as he possibly could, and as cheap as anybody else could possibly do it, and that the material would cost appellee no more than what it could be purchased for anywhere else. We think Brangier's evidence most accurately states the terms of the agreement, which was the same the law would imply, when no price had been fixed; i. e., a reasonable value, or the actual cost of labor and material with a reasonable profit added, the reasonableness to be determined by customary prices for similar work. The District Judge found that the appellants were entitled to recover the amount it cost them to do the work, with 15 per cent. profit on the actual cost, not taking into consideration any investment in machinery, plant, or overhead charges. Appellants criticized this measure of recovery. J. Elmer, a

witness for appellants, fixed the customary percentage of profit on such work at from 10 to 15 per cent. of the cost. The District Judge gave the appellants the benefit of the maximum percentage. He referred the case to a master to compute the amount.

It is contended that he erroneously directed the master to disregard investment in machinery and plant, and overhead. We construe his finding to have been that compensation for the use of machinery and plant and for the overhead was included in the 15 per cent. allowed on the actual labor and material cost. For the master to have additionally considered it would have been to give it a double influence. The master, after a painstaking inquiry into the evidence, stated the account, reducing the claimed amount thereof by $324.19, acting on the basis of actual cost of labor and material and 15 per cent. thereon. The District Judge confirmed his finding, upon exceptions filed by appellants. We find nothing in the record that would justify us in disturbing the finding, carrying, as it does, the presumption of correctness, arising from the action of the master, approved by the District Judge.

[4] 2. The master was also directed to determine "the amount actually expended by respondent on the engine itself to put it in working order." The amount so found to have been expended was directed to be allowed respondent, and to be deducted from appellants' bill. Acting under this direction, the master found that the respondent had expended the amount of the bill of the Stern Foundry & Machinery Company—$598.84; for actual work done on the engine—and was entitled to have it deducted from appellants' bill, and the decree appealed from was so framed. The master disallowed other claimed items of offset. So far as the amount of the allowed offset went to correct defects in the work of appellants on the engine, it was properly allowed. The record, however, shows that part of the work done by the Stern Foundry & Machinery Company was made necessary because of the faulty installation of the engine in the tug, and not because of any defect in the work of repairing the engine at appellants' shop. The appellants were not required to install the engine, and did not do so. The installation was done by the witness Beatty, and we think that the evidence of Wilson and Parr, witnesses for appellee, demonstrates that a substantial part of the work done by the Stern Foundry & Machinery Company was done to correct defects due to faulty installation by Beatty, and not to faulty workmanship in the repair of the engine by appellants.

It also appears that some of the appliances furnished by the Stern Foundry & Machinery Company and included in its bill were not attempted to be furnished by appellants and were not charged for by them. As the appellants received no pay for such appliances, and were only paid for material which they actually furnished, and were not paid a lump sum for a complete overhauling and repair of the engine, the amounts thereafter expended by respondent for such uncharged-for items were not proper offsets against appellants' account. The bill of the Stern Foundry & Machinery Company does not furnish the information, even when referred to the evidence, necessary to enable us to separate the items to be considered as proper offsets from those

which were not so. The foreman of the Stern Foundry & Machinery Company, who was in charge of the work, was not examined on the trial in the District Court, and his evidence would seem to be necessary for a proper separation of the items of the bill as between appellants and appellee.

The decree of the District Court will be reversed, and the cause remanded to that court, for the purpose of redetermining what part of the amount of the offset allowed to appellee was not a proper deduction from appellants' account under the rule expressed in this opinion.

Reversed.